IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DAVIS, SR.,

        Plaintiff,                    No. CIV S-07-0416 LKK DAD P

    vs.

KNOWLES, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint is disjointed, illegible in part[1], and confusing. As best as the court can determine, plaintiff is attempting to present essentially four claims. First, plaintiff claims that on September 3, 2003, he met with defendant psychiatrist Henette and they talked about the "atrocity" he has experienced while incarcerated and the conspiracy between inmates and correctional officers. (Compl. at 3.) Defendant Henette conferred with defendant Dr. Curren. (Id.) Plaintiff alleges that defendant Curren then told plaintiff that "if anything happen [sic] to someone, he's going to call the judge to get an order to inject me." (Id. 5.[2]) Second, on November 19, 2003, plaintiff informed defendants warden Knowles and correctional employees Balker, Dunlap, Davison, Banks, and Lytle about his "dreadful'ness [sic] of havein [sic] a cell mate and that I'm trying to prevent a crime from happening . . . ." (Compl. at 3.) Plaintiff contends that defendants laughed at him and told him that he still needed to find a cell mate. (Id.) Third, on September 28, 2003, plaintiff discovered that some of his legal documents were missing. (Id. at 5.) Plaintiff speculates that defendants correctional officers Sheppherd, Flower, Black and inmate Gonzales were involved in the disappearance of those documents. (Id.) Fourth, on February 8, 2004, plaintiff observed defendant correctional officer Briston and inmate Hall talking and later, during dinner, inmate Hall threw coffee in plaintiff's face and hit plaintiff. (Id.) Plaintiff seeks monetary damages. (Id. at 4.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.

---

[1] For this reason the court is uncertain whether the names of the defendants are properly spelled in this order.

[2] Plaintiff attaches unnumbered pages to the form complaint. The page numbers reflect the chronological page numbers.

1  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
2  with at least some degree of particularity overt acts which defendants engaged in that support his
3  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
4  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
5  amended complaint.

6        In his amended complaint, plaintiff must clarify his first claim.  The court is
7  uncertain whether plaintiff is claiming that he received inadequate psychiatric care or is
8  attempting to present some other claim.  Plaintiff is advised that if he is pursuing a medical care
9  claim, such claim is based on the Eighth Amendment.  As the Ninth Circuit Court of Appeals
10 recently explained:

> Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. at 1059 (citing Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Id. at 1060.  This second prong - defendant's response to the need was deliberately indifferent - is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id. Indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. at 1059 (quoting Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).  Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983.  Id. (citing Estelle, 429 U.S. at 105, 97 S. Ct. 285).  A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  Id. at 1060.  If the harm is an "isolated exception" to the defendant's "overall

26 /////

       treatment of the prisoner [it] ordinarily militates against a finding
of deliberate indifference." Id. (citations omitted).

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

As to his second claim, if plaintiff is claiming that he requires a single cell assignment, he must explain why this is needed. In addition, in order to state an Eighth Amendment claim, plaintiff must provide factual allegations demonstrating that defendants were deliberately indifferent to his housing needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (to succeed on an Eighth Amendment claim for failure to protect an inmate from violence, the inmate must show that he was incarcerated under conditions posing a "substantial risk of serious harm" and that a prison official displayed deliberate indifference to that risk).

As to plaintiff's third claim concerning his missing legal property, plaintiff must clarify whether he is asserting a claim of interference with his access to the courts or some other claim. If plaintiff is claiming that his missing legal property has impacted his ability to pursue legal actions, plaintiff is advised of the following legal standard. An access to the court claim arises under the Due Process Clause of the Fourteenth Amendment. See Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986). While the right of access to the courts is well established, an inmate who alleges interference with his right of access to the courts must also allege actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

With respect to his fourth claim, if plaintiff is alleging that defendants failed to protect him from an attack by inmate Hall, plaintiff is advised of the following legal standards. It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer, 511 U.S. at 828-29; Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter,

501 U.S. 294, 302 (1991); Estelle, 429 U.S. at 104. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are objective and subjective requirements which must be met for an Eighth Amendment claim. First, with respect to the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind, that is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

To the extent that plaintiff is claiming a conspiracy by defendants, he is advised that in order to prevail on a conspiracy claim under § 1983, a plaintiff must allege and prove some deprivation of a constitutional right which resulted from the alleged conspiracy. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.'" William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)). Thus, a plaintiff must allege facts showing that there was an agreement by the defendants to violate his constitutional rights. See Woodrum, 866 at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983). While it is not necessary to prove that each participant in a conspiracy is aware of the exact parameters of the plan, they must at least share the general conspiratorial objective. See Fonda, 707 F.2d at 438; see also Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). Vague and conclusory allegations of a conspiracy with no supporting factual averments or evidence will not withstand an adequately supported motion for summary judgment. Woodrum, 866 F.2d at 1126; Fonda,

707 F.2d at 438. Rather, to survive summary judgment on a conspiracy claim, plaintiff must provide evidence showing that a conspiracy existed. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

If plaintiff chooses to file an amended complaint, he must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.[3] There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

---

[3] In light of the court's difficulty in deciphering the allegations of the complaint, plaintiff should also inform the court if this order reflects misspellings of any of the defendants' names.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 14, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: October 31, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
davi0416.14a